UNITED STATES of America, Plaintiff,

v.

BEACHNER CONSTRUCTION COMPANY, INC., et al., Defendants.

No. 82–20012–01.

United States District Court,
D. Kansas.

April 23, 1982.

Richard J. Braun, Robert V. Allen, Dept. of Justice, Anti-Trust Div., Chicago, Ill., for plaintiff.

Curt Schneider, Coffeyville, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the Court upon the motion of defendant Robert T. Beachner for a hearing to determine whether defendant's immunized testimony has been used, directly or indirectly, to procure the indictment in this case, and to determine whether there is sufficient evidence independent of defendant's immunized testimony to be the basis for a trial. The Court, having read and considered the relevant affidavits and transcripts, has determined that defendant's motion for an evidentiary hearing must be denied and that there exists sufficient evidence apart from defendant's immunized testimony to be the basis for a trial. Accordingly, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Prior to defendant's compelled testimony before the grand jury on November

17, 1981, defendant was already a target of investigation by the U. S. Justice Department in regard to alleged bid-rigging in Harvey County, Kansas, the subject matter of the indictment in this case.

2. The Justice Department had already secured before a grand jury the testimony of Michael Rhoades, who admitted "setting up" the Harvey County bid in collusion with, and with the agreement of, defendant.

3. Rhoades testified that defendant agreed to submit a complementary bid on the Harvey County job. Prior to defendant's immunized testimony, the government had admissions from at least two other contractors that they had also submitted complementary bids on the Harvey County project at the request of Rhoades.

4. One of these other contractors, Donald Popejoy, testified before a grand jury on October 15, 1981, concerning his agreement with Rhoades to refrain from competitive bidding on the Harvey County project.

5. The other of these contractors, Edward Berry, also testified on October 15, 1981, about his involvement with Rhoades to refrain from competitive bidding on the Harvey County project.

6. On October 16, 1981, Kay Berntson was interviewed by the Justice Department concerning his personal knowledge of collusive bidding on the Harvey County project. Berntson gave the government an affidavit concerning his knowledge of collusion between Rhoades and Popejoy.

7. Berntson's statement was read to the grand jury on November 16, 1981.

8. On November 17, 1981, Rhoades testified before the grand jury. Rhoades testified that at a motel the night before the submission of bids, he talked to both defendant and his brother, Bill Beachner, about rigging the Harvey County bid. Rhoades' testimony indicated that both brothers needed to get permission from Jerry Beachner, another brother, before they could agree to submit a non-competitive bid. Jerry Beachner was not present at the bidding. Rhoades testified that defendant later told him that he, defendant, had received such permission and that therefore he, defendant, would agree to submit an intentionally non-competitive bid.

9. Before the defendant gave his immunized testimony, the Justice Department had already obtained copies of certain motel registration cards that would prove which of the Beachners were present for the bidding, and which of them presumably were not present.

10. After Rhoades was finished testifying, defendant testified before the grand jury, on November 17, 1981, under a grant of immunity. Defendant's testimony was, without going into it at any length, that he had never submitted an intentionally non-competitive bid at the request of another person. Defendant further denied ever having specific knowledge that others in the contracting business sometimes arranged non-competitive bidding situations. Defendant denied ever being in a room where others were discussing non-competitive bids. Defendant denied ever asking another person to "give" a bid to Beachner Construction. Defendant testified that if such practices had been occurring within his knowledge, he would remember them.

Defendant testified about the Harvey County project bidding. He testified that he had prepared the Harvey County bid, that the bid was submitted as he had prepared it, and that he was certain that the bid had not been changed before it was submitted. Defendant denied ever talking with Rhoades about altering Beachner Construction's bid on the Harvey County project. Generally, defendant testified that he did not remember many details of the Harvey County project bid.

11. The testimony of witness Thomas Callahan became available to the government on or about December 23, 1981, as a result of plea negotiations unrelated to defendant's compelled testimony before the grand jury.

12. The testimony of witness Orville Spray, Jr. became available on or about February 4, 1982, as a result of plea negoti-

ations. Spray's guilty plea was not in any way related to testimony given by defendant under a grant of immunity.

13. On or about April 2, 1982, the testimony of witness Glen Gilpin became available to the government pursuant to plea negotiations. Gilpin's guilty plea was based on the strength of the government's case against him, and not based on defendant's immunized testimony.

## CONCLUSIONS OF LAW

■ 1. Defendant's testimony before the grand jury was compelled pursuant to a grant of immunity under 18 U.S.C. § 6002. Immunity under § 6002 means the government is prohibited "from using the compelled testimony in any respect and insures that the testimony cannot lead to the infliction of criminal penalties on the witness." *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972).

■ 2. The burden is on the government to prove that the evidence it intends to use against the defendant is "derived from a legitimate source wholly independent of the compelled testimony." *Id.* at 460, 92 S.Ct. at 1665. The burden is not "limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from" sources other than the compelled testimony. *Id.* The government's burden is a heavy one. *United States v. Beck*, No. 78–1508 (10th Cir. 1980, *unpublished*).

■ 3. If the government produces documentary evidence which conclusively demonstrates that it had prior knowledge of all material facts supplied by defendant in his immunized testimony, and that it has an independent source for all the evidence it intends to adduce at trial, then there is no reason to hold an oral, evidentiary hearing. *United States v. Provenzano*, 620 F.2d 985, 1005–06 (3rd Cir. 1980).

The Court finds that the documentary evidence produced by the government pursuant to the Court's order conclusively shows that the government previously possessed all material facts revealed by defendant's immunized testimony. Further, the government has carried its heavy burden of proving that all evidence upon which it intends to rely at trial was obtained from sources independent of defendant's compelled testimony. The Court concludes that there is no need for an oral, evidentiary hearing on defendant's motion.

■ 4. Defendant's compelled testimony did not give rise to any "investigatory leads," nor did it focus the Justice Department's investigation on defendant. The government has carried its burden of proving that it did not obtain, nor could it reasonably have obtained investigatory leads from defendant's immunized testimony. The Court finds that much of defendant's testimony before the grand jury was non-responsive because of lack of recollection of the incidents about which he was being questioned. Most other responses were completely exculpatory: defendant simply denied all knowledge of wrongdoing on the part of himself or anyone else. The few admissions defendant did make have been proved to have been known by the government before defendant testified.

5. The Court rejects defendant's argument that the indictment must be dismissed because defendant's immunized testimony has given the government prosecutor a psychological confidence that he would not otherwise possess. The Court finds that defendant's grand jury testimony was largely unresponsive, and certainly was not incriminating. The Court finds that defendant's grand jury testimony could have had no subjective effect on the prosecutor.

The Court has considered defendant's remaining arguments and finds that they are without merit. The Court holds that the government has met its burden under *Kastigar* of affirmatively proving that its evidence is derived from an independent source. IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for an evidentiary hearing is hereby denied.

IT IS BY THE COURT FURTHER ORDERED that the Clerk of this Court file this Order under seal.